Woodrow W. PHILLIPS et al., Appellants,

v.

J. Howard DINWIDDIE, d/b/a Dinwiddie Distributing Service, Appellee.

No. 4121.

Court of Civil Appeals of Texas.

Waco.

April 25, 1963.

Rehearing Denied May 16, 1963.

Joe Moss, Houston, for appellants.

Solito, Vetrano & Murr, Peter S. Solito, Houston, for appellee.

WILSON, Justice.

Defendants appeal from a temporary injunction restraining them from engaging in business in competition with plaintiff, who operated a circular and hand-bill distribution service in Houston. Defendants

had been employed by plaintiff as field supervisors under a written contract which provided that they would not engage in nor solicit advertising for a similar competing business during a limited time within Houston and other specified cities after their employment terminated. There is evidence to show that within a week after their employment by plaintiff terminated they were engaged in the same business, performing "substantially the same duties," as employees of plaintiff's competitor, also a former employee of plaintiff.

 Defendants contend the trial court abused its discretion in granting the temporary injunction because the proof failed to show the territorial area in which defendants were performing any prohibited services for their new employer, or that they were performing any prohibited services for him, or that they were performing any services in Houston. It is said that although there was evidence defendants had made "good will" calls on, or solicited business for their new employer from plaintiff's customers at specified addresses and named streets, the evidence failed to show these locations were in Houston or other prohibited areas.

Although the streets and addresses where defendants engaged in competitive business are not identified as being in Houston, Texas, their business calling cards stated the location of their new employer's distributing service was located in Houston. One defendant testified that "after you have been at this a long time, and after a fellow gets as good at it as you are, there are lots of territories you can work without ever looking at a map in Houston," if he goes over it enough times. Defendants admitted they used the same route patterns they had used while employed by plaintiff, and that some of the stores they are now delivering for were formerly plaintiff's customers. Plaintiff's competitor testified his business was located·in Houston, and "it would help to know the city" in directing defendants, for them "to know where to go in the City

of Houston," without reading the map. This competitor, defendants' present employer, left plaintiff's employment a few months before defendants' employment ceased.

Defendants state that they were merely "driving a truck" for plaintiff's competitor, and should not be enjoined from pursuing such gainful occupation. The court did not restrain defendants from driving a truck. He enjoined them from engaging in a competing business, whether it be by transporting circulars for distribution on a competitor's truck as field supervisors of distribution crews, or otherwise. Although defendants described themselves as "truck drivers" at the hearing, their own admissions show this lacked much of being the extent of their activities. Plaintiff was required only to adduce evidence tending to show a probable right and a probable injury, and no clear abuse of discretion is shown. Janus Films, Inc. v. City of Ft. Worth, Tex., 358 S.W.2d 589; Camp v. Shannon, 162 Tex. 515, 348 S.W.2d 517, 519. Appellants' points are overruled. Affirmed.