**PROFESSIONAL BEAUTY PRODUCTS, INC., Appellant,**

v.

**Karl H. SCHMID and L. T. Derington, Appellees.**

**No. 6333.**

Court of Civil Appeals of Texas, El Paso.

June 27, 1973.

Underwood, Wilson, Sutton, Heare & Berry, James A. Besselman, Amarillo, for appellant.

Rassman, Gunter & Boldrick, James P. Boldrick, Midland, for appellees.

## OPINION

WARD, Justice.

This is an appeal from the denial of temporary injunctions sought in two cases which were consolidated for the purposes of this hearing. The Appellant, Professional Beauty Products, Inc., sought to enjoin its two former employees, Karl H. Schmid and L. T. Derington, from violating the terms of their written contracts of employment which provided that they were not to compete with the employer for a period of one year after termination in certain areas. We reverse the judgment denying the temporary injunctions and remand with instructions.

For some ten years, Professional Beauty Products, Inc. has been engaged in the business of distributing barber and beauty shop products in a territory encompassing the Texas Panhandle and adjoining areas. In April, 1972, Mr. Schmid was employed by Professional as a salesman and signed an agreement that in the event of termination of his employment he would not compete in any manner with Professional for a period of one year after the termination of his employment in the territory assigned to him as his sales area. The contract provided that the salesman would be paid a commission on all orders which he obtained but recognized that as Professional operated a number of cash-and-carry outlets under the name of Save-Way Beauty and Barber Supply and would have the right to establish additional cash-and-carry outlets, that the salesman would be paid only on his own sales. Specifically, the contract states:

"In no event are commissions payable to Salesman by reason of any sales made by orders placed with any such cash-and-carry outlet store which is now operated by the Corporation or which it may establish at some future time."

Thereafter, Schmid was successful in his endeavors as a salesman being able to produce sales of from $800.00 to $1,400.00 a week. On February 16, 1973, Schmid voluntarily resigned from his employment and immediately became associated with the Defendant, L. T. Derington. They are operating under the name of Hairdressers Beauty Supply.

In March, 1969, Professional employed the Defendant, L. T. Derington, in the capacity of assistant manager or sales manager of the corporation, under a written contract containing the same negative covenant not to compete as in the Schmid contract. In 1970, Derington left the Plaintiff's employment. Thereafter, about the beginning of 1971, Derington returned to

the Plaintiff's employment in the same capacity as he performed prior to his first termination. Though no new contract was signed, Derington stated that the first contract would still be in existence as it was still in his file and would not expire until 1974. Thereafter, in the latter part of January, 1973, Derington again voluntarily resigned from his employment and as previously stated became associated with Schmid in the South Plains area.

Both defendants are effectively competing with the Plaintiff in the same area that Schmid was granted under the terms of his original contract with Professional and are catering to the same customers as Schmid had obtained under the Professional employment contract. The evidence in this regard reflects that Professional's sales in this area have dropped from the $800.00 to $1,400.00 level down to $200.00 a week. Schmid defended his conduct on grounds of breach of contract by the Plaintiff and Derington on the ground that he had no written contract with the Plaintiff. Temporary restraining orders were granted by the trial Court, but upon the hearing these were dissolved and the temporary injunctions sought were denied.

The Appellant on this appeal contends that it has established its right to a temporary injunction against each Defendant in that the trial Court abused its discretion in denying the temporary injunctions.

■ The applicable rules of law are settled. The applicant for the temporary injunction seeking to preserve the status quo needs only to show the existence of a probable injury and a probable right of recovery. Such an applicant is not required to establish that he will finally prevail in the litigation. Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549 (1953); Phillips v. Dinwiddie, 367 S.W.2d 731 (Tex.Civ.App.—Waco 1963, no writ). The status quo spoken of is the last actual, peaceful and non-contested status which preceded the pending controversy, which in the present case would be that status which the parties occupied prior to the competition created by the Defendants in their new venture and in violation of their covenants. McLean v. Employers Casualty Company, 381 S.W.2d 582 (Tex.Civ.App.—Dallas 1964, no writ).

■ The granting or refusing of a temporary injunction in this State is within the sound discretion of the District Court, and that Court's action will not be disturbed on appeal unless it clearly appears from the record that there has been an abuse of such discretion. However, the failure or refusal of the trial Court to apply the law to undisputed or established facts constitutes an abuse of discretion. Manning v. Wieser, 474 S.W.2d 448 (Tex. Sup.1971); Costello v. Hillcrest State Bank of University Park, 380 S.W.2d 780 (Tex.Civ.App.—Dallas 1964, no writ).

Appellees rely in part on the case of Professional Beauty Products, Inc. v. Jay, 463 S.W.2d 288 (Tex.Civ.App.—Amarillo 1970, no writ). This same Appellant there unsuccessfully attempted to enforce the same negative covenant against a commission salesman. There the Amarillo Court held that the later creation and operation of the Save-Way Beauty and Barber Supply which materially decreased the commissions to the salesman created a material breach of the employment contract so as to preclude the granting of the injunctive relief. We agree with the principles therein announced and their application to the facts in the Jay case. But the undisputed facts before us compel the making of a distinction.

■ The only evidence here is that both Schmid and Derington have terminated their employment without fault on the part of the employer. The facts establish that upon his return to the employment Derington agreed to be bound by all the

terms of the original written contract. The only evidence is that he was employed on a salary. Commissions were not involved, and no evidence is before us as to any dissatisfaction on the part of Derington with his contract. As to Schmid, his contract was prepared after the Jay case decision and with that case in mind. It is different from the Jay contract and Schmid specifically recognized in his contract that the Save–Way Beauty and Barber Supply operations would be in competition with him. His complaint is to the effect that he did not know it was a discount house even though he was aware of those operations during the entire period of time he was with the company. But assuming Schmid is correct in his complaint, no breach of contract nor any injury is shown by him. Even if Schmid were able to invoke the rule that one who comes seeking equity must come with clean hands, that rule is not absolute. The party relying on such a principle must show that he himself has been injured by the conduct complained of in order to justify the application of the principle—this, Schmid has not done. Omohundro v. Matthews, 161 Tex. 367, 341 S.W.2d 401 (1960). We have examined each of the other factual conclusions contained in the trial Court's orders denying the temporary injunctions and we find no support in the evidence as to them. We conclude that the trial Court was in error in its application of the law to the undisputed facts and that the Appellant is entitled to the temporary injunctions.

In so holding, we do not undertake to determine the cases on their merits. What we hold here pertains only to the temporary injunctions and is without prejudice to the rights of the parties to assert their claims and offer evidence in the trials on the merits. The judgments in the two cases are reversed and the causes are remanded with instructions to grant the respective temporary injunctions as prayed for by the Appellant, upon execution by the Appellant in each case of an injunction bond in an amount to be set by the trial Court.