Carmen AREVALO, Appellant,

v.

VELVET DOOR, INC., Appellee.

No. 6376.

Court of Civil Appeals of Texas, El Paso.

April 3, 1974.

Rehearing Denied April 24, 1974.

Peticolas, Luscombe, Stephens & Windle, Wayne E. Windle, Jr., El Paso, for appellant.

Grambling, Mounce, Deffebach, Sims, Hardie & Galatzan, Sam Sparks, Malcolm Harris, El Paso, for appellee.

## OPINION

PRESLAR, Chief Justice.

This appeal is from an order of the trial Court granting Appellee, Velvet Door, a temporary injunction enjoining its former employee, Appellant, from violating her covenant not to compete with Appellee's beauty shop within a radius of five miles for a period of three years following the termination of her employment. We are of the opinion that the order should be affirmed.

The pertinent facts are that Appellant was employed by Appellee as a beauty operator and had been for a number of years prior to her signing the contract in question in May of 1971, and she continued to be so employed for some two and a half years after the signing of the contract. Appellant left the employment of Appellee and almost immediately went to work for another shop within a five mile radius, and solicited her former patrons to join her at her new place of employment. There is no contention that the time or space limitation is unreasonable. Questions are presented as to the adequacy of the proof to show a probable right of recovery and probable injury, and Appellant urges that the agreement was without con-

sideration and that the Appellee came to Court with unclean hands. In our determination of this matter, we will be governed by the rules laid down by the Supreme Court of Texas in Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549 (1953), wherein the Court held in part as follows:

"In a hearing on an application for a temporary injunction the only question before the court is the right of the applicant to a preservation of the status quo of the subject matter of the suit pending a final trial of the case on its merits. James v. Weinstein & Sons, Tex.Com. App., 12 S.W.2d 959, 960. To warrant the issuance of the writ, the applicant need only show a probable right and a probable injury; he is not required to establish that he will finally prevail in the litigation. Rosenfield v. Seifert, Tex.Civ.App., 270 S.W. 220, 223; Nagy v. Bennett, Tex.Civ.App., 24 S.W.2d 778, 781; High on Injunctions, 4th Edition, Vol. 1, Sec. 5, p. 8. If the party enjoined prevails on a final trial of the case he finds protection against the improvident granting of the writ and consequent loss in the interim in the applicant's bond. Where the pleadings and the evidence present a case of probable right and probable injury, the trial court is clothed with broad discretion in determining whether to issue the writ and its order will be reversed only on a showing of a clear abuse of discretion. Texas Foundries v. International Moulders & Foundry Workers' Union, Tex.Sup., 248 S.W.2d 460, 462. There is no abuse of discretion in the issuance of a writ if the petition alleges a cause of action and the evidence adduced tends to sustain it. Southwestern Greyhound Lines, Inc. v. Railroad Commission, 128 Tex. 560, 99 S.W.2d 263, 109 A.L.R. 1235."

In the case before us, the petition alleges a cause of action so the question presented is whether the evidence tends to sustain that cause of action. As to that, there is no question as to probable injury for the Appellant testified as to soliciting her former customers to come to her new place of employment, and the proof is that many of the customers left the Velvet Door and transferred their business to her place of new employment. The question then narrows as to whether the evidence tends to support the allegations of probable right, and we are of the opinion that it does. Appellant strongly urges the contrary, because of recitations in the agreement that there was no consideration. Irrespective of what the agreement recites, there is proof in the record of consideration in the form of continued employment of the Appellant for some two and one-half years following the execution of the agreement. Under Texas law, continuation of employment with payment of salary is consideration for a restrictive covenant not to compete. Krueger, Hutchinson & Overton Clinic v. Lewis, 266 S.W.2d 885 (Tex. Civ.App., Amarillo 1954), affirmed 153 Tex. 363, 269 S.W.2d 798 (1954); John L. Bramlet & Company v. Hunt, 371 S.W.2d 787 (Tex.Civ.App., Dallas 1963, writ ref'd n. r. e.); Carl Coiffure, Inc. v. Mourlot, 410 S.W.2d 209 (Tex.Civ.App., Houston 1966, writ ref'd n. r. e.). Appellant also urges no probable right on the basis that the evidence is conclusive that the Velvet Door was guilty of such wrongful conduct as to render it without clean hands and precluded from obtaining injunctive relief. In view of the trial Court's judgment, it is obvious that the trial Court found against Appellant on this allegation and the record shows that such finding was made on the basis of conflicting evidence. Under such circumstances, this Court cannot say that the trial Court abused its discretion, and as this Court noted in Professional Beauty Products, Inc. v. Schmid, 497 S.W.2d 597 (Tex.Civ.App., El Paso 1973, no writ), the clean hands doctrine is not absolute in that the party relying on it must show that he himself has been injured by the conduct complained of. Here, as in that case, there

is no showing of a breach of contract in the other party's conduct. As we review the matter, we are unable to conclude that it clearly appears from this record that there has been an abuse of discretion by the trial Court.

Accordingly, the judgment of the trial Court is in all things affirmed.