PROFESSIONAL BEAUTY PRODUCTS,
INC., Appellant,

v.

L. T. DERINGTON and Karl H. Schmid,
Appellees.

No. 6382.

Court of Civil Appeals of Texas,
El Paso.

July 31, 1974.

Rehearings Denied Sept. 11, 1974.

Underwood, Wilson, Sutton, Berry, Stein and Johnson, James A. Besselman, Amarillo, for appellant.

Rassman, Gunter & Boldrick, James P. Boldrick, Midland, for appellees.

## OPINION

OSBORN, Justice.

This case involves a restrictive covenant not to compete by two former employees of the appellant. In an earlier opinion of this Court involving these same parties, it was held that the trial Court erred in failing to grant a temporary injunction to maintain the status quo and prevent probable injury to the employer. Professional Beauty Products, Inc. v. Schmid, 497 S.W.2d 597 (Tex.Civ.App.—El Paso 1973, no writ). After the trial Court issued the temporary injunction in July, 1973, the case was tried on the merits in September, 1973, before a jury. The appellant, employer, now appeals from the judgment entered upon that verdict.

Appellant has been in the barber and beauty supply business for more than ten years with offices in Amarillo, Texas. The company has several different sales territories in West Texas, Eastern New Mexico and Oklahoma. It first hired L. T. Derington as assistant manager for the company in March, 1969. He signed a written contract with a covenant not to compete for a period of one year after leaving the company and with a provision for $3,000.00 in liquidated damages for breach of the covenant. He worked under this contract, primarily in charge of supervising salesmen, until October, 1969, when he quit. He was rehired in June, 1971, under an oral contract as sales manager with a salary and commission agreement. He again quit in January, 1973, and began to compete with appellant in his own business known as Hairdressers Beauty Supply. Appellant hired Karl H. Schmid as a territorial salesman in April, 1972. He signed a written contract with a covenant not to compete for a period of one year after leaving the company and with a provision for $3,000.00 in liquidated damages for breach of the covenant. He quit his job with appellant in February, 1973, and went to work for Hairdressers Beauty Supply as a salesman in the same area where he had worked for appellant. Much of the background concerning appellant's method of operations and sales through its retail outlets known as Save-Way Stores is discussed in Professional Beauty Products, Inc. v. Jay, 463 S. W.2d 288 (Tex.Civ.App.—Amarillo 1970, no writ), and Professional Beauty Products, Inc. v. Schmid, supra.

The jury in Special Issues Nos. 1 and 2 failed to find that the covenant not to

compete was reasonable both as to Karl H. Schmid and L. T. Derington. It also failed to find in Special Issue No. 3 that L. T. Derington re-entered the appellant's employment in June, 1971, under the original written contract made in March, 1969. In Special Issue No. 4 the jury found that at the time L. T. Derington returned to work for appellant an agreement not to compete was a material condition of employment of all personnel except clerks and warehouse personnel, but failed to find that L. T. Derington, by his return to work for appellant, agreed to a covenant not to compete as a condition of his employment. They did find that L. T. Derington by acts, words or silence led appellant to believe that he intended to abide by the terms of the company's covenant not to compete; that appellant relied on such conduct of L. T. Derington in agreeing to reemploy him; that L. T. Derington began competing with appellant within one year after last leaving its employment; and that appellant suffered a loss of sales as a result of such competition.

With regard to the appellee Karl H. Schmid, the jury found that appellant had products that Karl H. Schmid was not allowed to sell; that appellant made sales by Save-Way Stores, retailers and competitors in the territorial area of Karl H. Schmid; that appellant ordered and encouraged its Save-Way managers to recruit and call on customers for its stores; that appellant sold beauty products from different price lists; that appellant restricted the manner of sales calls per day and per week to be made by Karl H. Schmid; and that each of such acts resulted in appellant's failure to comply with the material provisions of its contract of employment with Karl H. Schmid. The jury found that as a result of the temporary injunction L. T. Derington had been damaged in the amount of $1,805.00 and Karl H. Schmid had been damaged in the amount of $650.00.

The judgment of the trial Court denied appellant all relief, dissolved the temporary injunction and awarded L. T. Derington damages as found by the jury, but did not award Karl H. Schmid any damages. That judgment is affirmed as to L. T. Derington, and is reversed and rendered in favor of appellant for liquidated damages against Karl H. Schmid. The issue of enjoining the employees is now moot.

## AS TO BOTH EMPLOYEES

Appellant presents ten points of error. The first three attack the first two special issues as being any basis for a judgment against appellant. Although we sustain those points they do not automatically entitle appellant to a judgment. The covenant not to compete in the 1969 contract executed by L. T. Derington restricted his competition with appellant for a period of one year after leaving the company in any territory then being worked by the company's salesmen including the Texas Panhandle and South Plains to Crane and Big Spring, and Eastern New Mexico, Western Oklahoma and the Oklahoma Panhandle. The covenant not to compete in the 1972 contract executed by Karl H. Schmid restricted his competition with appellant for a period of one year after leaving the company and prohibited him from calling on the customers in West Texas whose names were attached to the contract.

The question as to whether the covenant not to compete is reasonable is a law question for the Court and not a fact issue for the jury. Vaughan v. Kizer, 400 S.W.2d 586 (Tex.Civ.App.—Waco 1966, writ ref'd n.r.e.); Barrett v. Curtis, 407 S.W.2d 359 (Tex.Civ.App.—Dallas 1966, no writ); Chenault v. Otis Engineering Corporation, 423 S.W.2d 377 (Tex.Civ. App.—Corpus Christi 1967, writ ref'd n.r. e.); Markwardt v. Harrell, 430 S.W.2d 1 (Tex.Civ.App.—Eastland 1968, writ ref'd n.r.e.). We hold as a matter of law that the covenant is reasonable both as to time and as to area. Many cases have held that a one-year term in a covenant not to compete is reasonable. Blaser v. Linen Serv-

ice Corporation of Texas, 135 S.W.2d 509 (Tex.Civ.App.—Dallas 1939, writ dism'd jdgmt. cor.); Denny v. Roth, 296 S.W.2d 944 (Tex.Civ.App.—Galveston 1956, writ ref'd); Whites v. Star Engraving Company, 480 S.W.2d 757 (Tex.Civ.App.—Corpus Christi 1972, no writ); Weatherford Oil Tool Company, Inc. v. Campbell, 161 Tex. 310, 340 S.W.2d 950 (1960).

■■ Since L. T. Derington was supervisor of sales, knew each sales area and the customers located therein, and did on occasions assist salesmen in each territory with personal calls on the customers, a restriction which prohibited his competition in each sales territory was reasonable as to the area encompassed by the covenant. Ramey v. Combined American Insurance Company, 359 S.W.2d 523 (Tex.Civ.App.—San Antonio 1962, no writ). Likewise, such a restriction as to Karl H. Schmid as to his sales territory was reasonable. Blaser v. Linen Service Corporation of Texas, supra; Spinks v. Riebold, 310 S.W.2d 668 (Tex.Civ.App.—El Paso 1958, writ ref'd); Arrow Chemical Corporation v. Anderson, 386 S.W.2d 309 (Tex.Civ.App.—Dallas 1965, writ ref'd n.r.e.); American Speedreading Academy, Inc. v. Holst, 496 S.W.2d 133 (Tex.Civ.App.—Beaumont 1973, no writ).

## AS TO L. T. DERINGTON

By its next two points of error, appellant asserts that the trial Court erred in failing to enforce the covenant not to compete as to L. T. Derington because under the jury findings in Special Issue No. 4 he was estopped to deny that he was bound by such covenant, and further that the trial Court erred in permitting L. T. Derington to recover damages on grounds of the wrongful issuance of a temporary injunction. We do not believe the estoppel findings are such as to require us to reverse the judgment for L. T. Derington. It must be noted that after the original contract of employment, with the covenant not to compete, was executed, L. T. Derington worked thereunder until October, 1969.

Then he quit his job and the contract was terminated. For the next year he was prohibited from competing with appellant, and there is no contention that during that time he violated the covenant not to compete. The appellant was unable to convince the jury that L. T. Derington re-entered its employment in June, 1971, under the original written contract with the covenant not to compete, and thus Special Issue No. 3 was answered in the negative. In Special Issue No. 4b, the jury again refused to find that by his return to work for appellant, L. T. Derington agreed to the terms of the covenant not to compete in his original contract. Thus at that time, the original contract had been terminated and there was only a new oral agreement to return to work at a monthly salary plus an agreed commission.

■ By the estoppel findings, appellant attempts to make a new contract and then enforce its terms by suit for injunction and recovery of liquidated damages. As noted by Chief Justice Hickman in Southland Life Ins. Co. v. Vela, 147 Tex. 478, 217 S.W.2d 660 at 663 (1949): "An estoppel is defensive in character. It does not create a cause of action. Its function is to preserve rights, and not to bring into being a cause of action." Subsequent cases make it clear that contract rights cannot be created by estoppel. Snow v. Gibraltar Life Ins. Co. of America, 326 S.W.2d 501 (Tex.Civ.App.—Dallas 1959, writ ref'd n. r.e.); Norman v. Safway Products, Inc., 404 S.W.2d 69 (Tex.Civ.App.—Dallas 1966, no writ).

■ In addition, it should be noted that the March, 1969, contract specifically provides in paragraph 12 that " * * * any renewal thereof, must be in writing and signed by both * * * " parties. An estoppel would clearly violate the expressed terms of the very contract which appellant seeks to enforce. To sustain appellant's position requires that the courts either add to the oral contract a covenant, that the jury failed to find existed (Special Issue No. 4b), or renew a term of the

original written contract by a subsequent oral agreement which the jury failed to find occurred (Special Issue No. 3). The appellant's fourth and fifth points are overruled. Since appellant was unable to secure jury findings to support its contention that L. T. Derington returned to work under the terms of a covenant not to compete, the temporary injunction was wrongfully issued and L. T. Derington was entitled to recover his damages resulting therefrom.

## AS TO KARL H. SCHMID

■ Points of error numbers 6, 7 and 8 attack the jury findings and judgment insofar as they relate to Karl H. Schmid and in effect relieve him from his covenant not to compete. As noted earlier, the jury made findings that show several acts of conduct upon the part of the appellant which were found to be a breach of the contract of employment with Karl H. Schmid. By such findings, Karl H. Schmid seeks to be released from the terms of his contract as was another salesman for this appellant in the recent case of Professional Beauty Products, Inc. v. Jay, supra. This appellee testified to many competitive sales and acts by employees of Save-Way which he said affected his sales, just as they did those of the salesmen in the Jay case. But between the time the Jay case was decided in 1970 and the time Karl H. Schmid signed his contract of employment in 1972, the appellant added a paragraph to the employment contract which specifically recognized the right of appellant to maintain and operate cash-and-carry outlets under the name of Save-Way Beauty and Barber Supply, Inc. and with the provision that salesmen would receive no commission on sales by such outlets. We hold as a matter of law that such conduct by appellant did not result in a breach of the material terms of the contract but were expressly permitted by such contract.

■ With regard to the jury finding that appellant restricted the manner of sales calls per day and per week which could be made by Karl H. Schmid, the evidence established a recognized company procedure under which calls were to be made on a given customer on a certain day, orders then sent to the company, the products shipped to the customer, and the charges posted to an invoice and sent to the salesman for his collection when he again called on the same customer two weeks later. The company's invoices and statements reflect that they were fourteen days net, thus permitting the salesman to collect at the end of two weeks after the original order when he again called on the same customer for subsequent orders. Although Karl H. Schmid believed he could increase sales by increasing the frequency of his calls in some instances to once a week, this would necessarily restrict the length of sales calls or the number of customers he could see in a given period of time. We believe his employer could require that he follow recognized and effective company sales procedures and he as an employee had no contract right to operate under sales procedures contrary to those required by his employer. Points of error numbers 6 and 7 are sustained, and point number 8 for injunctive relief is now moot.

## AS TO DAMAGES

■ By its last two points of error, appellant contends the trial Court erred in failing to grant it recovery of $3,000.00 in liquidated damages against each employee for the breach of the covenant not to compete. As noted, the 1969 written contract of L. T. Derington and 1972 written contract of Karl H. Schmid each contained a provision for liquidated damages for breach of the covenant not to compete. After Karl H. Schmid gave notice of termination to appellant in February, 1973, he and L. T. Derington called on many of appellant's customers, and they actually solicited orders for Hairdressers Beauty Supply, which were taken on appellant's order forms. Until the trial Court's injunction was issued in July, 1973, the appellees had monthly sales of beauty supplies of around $7,000.00 per month for approximately four

months. We believe the provision for liquidated damages was reasonable and the same should be enforced against Karl H. Schmid who clearly violated the terms of his written contract. Weatherford Oil Tool Company, Inc. v. Campbell, supra. But it should not be enforced against L. T. Derington because he did not return to work the second time under the terms of his original contract which contained the covenant not to compete. Appellant's point of error number 10 is sustained and point of error number 9 is overruled.

The judgment of the trial Court denying appellant any recovery against L. T. Derington and awarding L. T. Derington judgment against appellant for the sum of $1,805.00 is affirmed, and judgment denying appellant any recovery against Karl H. Schmid is reversed and judgment here rendered awarding appellant judgment against Karl H. Schmid for the sum of $3,000.00 plus interest at the rate of 6% per annum from September 25, 1973, the date of the trial Court's judgment. Costs are taxed one-half against appellant and one-half against Karl H. Schmid.