**CHAPMAN AIR CONDITIONING, INC., Appellant,**

v.

**Roger FRANKS and U.S. Air Conditioning, Inc., Appellees.**

No. 05–86–00906–CV.

Court of Appeals of Texas, Dallas.

June 8, 1987.

738

Ralph W. Pulley, Jr., Dallas, for appellant.

Thomas F. Clayton, Dallas, and Dan Pitzer, Duncanville, for appellees.

Before WHITHAM, ROWE and HECHT, JJ.

WHITHAM, Justice.

In this employee-covenant-not-to-compete case, appellant, Chapman Air Conditioning, Inc., was the first employer, appellee, U.S. Air Conditioning, Inc. was the second employer and appellee, Roger Franks, was the involved employee. Chapman Air appeals from a judgment in favor of Roger Franks and U.S. Air denying a permanent injunction against Franks and awarding Franks attorney's fees. By cross-point, U.S. Air complains of a denial of its attorney's fees. We conclude that Chapman Air has come to a court of equity seeking relief with unclean hands. We conclude further that Franks and U.S. Air are not entitled to recover attorney's fees. Accordingly, we reverse the trial court's judgment insofar as it awards Franks attorney's fees, render judgment that Franks take nothing as to

attorney's fees and affirm the remainder of the trial court's judgment.

In addition to the covenant-not-to-compete provisions, the written employment agreement between Chapman Air and Franks provided that Franks would be entitled to two weeks vacation after the second full year of employment. In the year 1985 Franks was in the period "after the second full year of employment." In response to special issue number eleven, the jury found that Chapman Air cut Franks' vacation time without his consent in 1985. The jury, however, in answer to special issue number twelve found that Franks suffered no damages as a result of Chapman Air's acts in cutting Franks' vacation time. In its fourth, fifth and sixth points of error, Chapman Air contends that the trial court erred in failing to grant its motion to disregard the jury's answer to special issue number eleven. Chapman Air advances three reasons why the trial court so erred. First, Chapman Air asserts that the issue is not material to a determination as to whether Chapman Air has come to a court of equity seeking relief with unclean hands. Second, Chapman Air maintains that the jury's answer to special issue number twelve negated the jury's answer to special issue number eleven. Third, Chapman Air insists that the jury's answer to special issue number eleven is not conclusive or controlling because the covenant not to compete in the contract stands independent of the provisions for vacations in the contract.

We disagree with Chapman Air's reasons advanced in support of its contentions that the trial court erred in failing to disregard special issue number eleven. Before addressing Chapman Air's reasons, however, we consider the well-known rules pertaining to the rendition of judgment notwithstanding the verdict. Whenever jury findings are favorable to a party, judgment should be rendered in the party's favor unless the trial court was justified in rendering judgment notwithstanding the verdict. *Trenholm v. Ratcliff,* 646 S.W.2d 927, 931 (Tex.1983). To sustain the action of the trial court in granting a motion for judgment notwithstanding the verdict, it

must be determined that there is no evidence upon which the jury could have made the findings relied upon. In acting on the motion, all testimony must be viewed in a light most favorable to the party against whom the motion is sought, and every reasonable intendment deducible from the evidence is to be indulged in that party's favor. *Trenholm,* 646 S.W.2d at 931. Before a judgment notwithstanding the verdict is proper, there must be no evidence of probative force upon which the jury could have made the findings relied upon. *Berlow v. Sheraton Dallas Corp.,* 629 S.W.2d 818, 821 (Tex.App.—Dallas 1982, writ ref'd n.r.e.). In the present case, the jury's finding that Chapman Air cut Franks' vacation time without his consent in 1985 was favorable to Franks. Thus, we must determine if there is any evidence of probative value to support the jury's finding.

▆ From our reading of the record, we are persuaded that there is evidence of probative value to support the jury's finding in answer to special issue number eleven. We find the evidence of probative value in Franks' testimony. Concerning his 1985 vacation, Franks testified that Marvin Chapman, Chapman Air's president, told him "[y]ou're not going to get any." Franks further testified that he stayed at work without a vacation. Thus, applying the rules pertaining to trial court justification in rendering judgment notwithstanding the verdict, we conclude that the trial court correctly refused to disregard the jury's answer to special issue number eleven. Having addressed the rules pertaining to rendition of judgment notwithstanding the verdict, we turn to consider the merits of the three reasons advanced by Chapman Air in support of its contentions that the trial court erred in failing to disregard special issue number eleven.

▆ We address the first and third reasons together. Contrary to Chapman Air's arguments, we conclude that special issue number eleven is material to a determination of whether Chapman Air has come to a court of equity seeking relief with unclean hands. Contrary to Chapman

Air's arguments, we further conclude that special issue number eleven is conclusive and controlling because the covenant not to compete does not stand independent of the provision for vacations in the contract. We reach these two conclusions in light of certain long-established rules. The law is clear that a party who wrongfully breaches a contract provision favorable to another cannot secure, by injunction, the enforcement of another contract provision favorable to it. *American Ship & Industrial Cleaning Corp. v. Parrish*, 596 S.W.2d 244, 245 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). It is well settled that an employer cannot wrongfully breach a provision of an employment contract that is favorable to the employee (such as reducing his wages without his consent and without contractual authority to do so) and then go into a court of equity to secure, by injunction, the enforcement of another provision favorable to it. *Norris of Houston, Inc. v. Gafas*, 562 S.W.2d 894, 896 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.). A former employer, having wrongfully breached the contract in respect to a provision favorable to the employee, cannot go into a court of equity to secure, by injunction, the enforcement of another provision of the contract favorable to it. *Langdon v. Progress Laundry & Cleaning Co.*, 105 S.W.2d 346, 347 (Tex.Civ.App.—Dallas 1937, writ ref'd). In the present case, Chapman Air breached a provision of the contract favorable to the employee, Franks, by refusing Franks his vacation time without his consent and without contractual authority to do so in the year 1985. Therefore, in the present case, as in the three employee-covenant-not-to-compete cases cited above, Chapman Air may not go to a court of equity to secure, by injunction, the enforcement of a covenant not to compete favorable to Chapman Air.

█ Next, we consider Chapman Air's second reason. Contrary to Chapman Air's arguments, we conclude that the jury's answer to special issue number twelve does not negate the jury's answer to special issue number eleven. We reach this conclusion because the two cases relied upon by Chapman Air are inapplicable to the present case. Chapman Air relies upon *Arevalo v. Velvet Door, Inc.*, 508 S.W.2d 184 (Tex.Civ.App.—El Paso 1974, writ ref'd n.r.e.) and *Professional Beauty Products, Inc. v. Schmid*, 497 S.W.2d 597 (Tex.Civ.App.—El Paso 1973, no writ). In both *Arevalo* and *Schmid*, the El Paso Court of Civil Appeals refused to apply the clean hands doctrine in employee-covenant-not-to-compete cases. In doing so, the court relied upon the rule that the clean hands doctrine is not absolute in that the party relying on the clean hands doctrine must show that he himself has been injured by the employer's conduct. *Arevalo*, 508 S.W.2d at 186; *Schmid*, 497 S.W.2d at 600. The court in *Arevalo* and *Schmid* concluded that, since both employees failed to establish any breach of contract by their respective employers, they had failed to show any injury to justify application of the clean hands doctrine to their cases. *Arevalo*, 508 S.W.2d at 186–87; *Schmid*, 497 S.W.2d at 600. In the present case, however, Franks has shown that he himself has suffered an injury by Chapman Air's breach of his employment contract. In short, Franks established that he lost his contractual vacation time for the year 1985. We conclude it immaterial that the jury calculated no monetary loss for the denied vacation time. Thus, we conclude that the jury's answer to special issue number twelve does not negate the jury's answer to special issue number eleven.

Consequently, we find no merit in the three reasons advanced by Chapman Air in support of its contentions that the trial court erred in failing to disregard special issue number eleven. Therefore, for the reasons explained above, we conclude that the trial court did not err in failing to grant Chapman Air's motion to disregard the jury's answer to special issue number eleven. We overrule Chapman Air's fourth, fifth and sixth points of error. Since the jury's answer to special issue number eleven thus stands, we conclude that Chapman Air comes seeking equity with unclean hands and is not entitled to the injunctive relief sought. Hence, we conclude further that the trial court did not err in rendering

a take-nothing judgment denying Chapman Air a permanent injunction against Franks, thereby refusing to enforce the covenant not to compete against Franks. In light of the disposition we make of Chapman Air's fourth, fifth and sixth points of error, we deem it unnecessary to address the remainder of Chapman Air's points of error except its point of error number fourteen.

■ In its fourteenth point of error, Chapman Air contends that the trial court erred in awarding Franks attorney's fees in the trial and appellate courts. Chapman Air argues that there is no basis for an award of attorney's fees. Chapman Air reasons that, although Franks sought damages in the trial court, he recovered no damages in the trial court's final judgment. In this connection, we note that in answer to special issue number eleven the jury also found that Chapman Air had not cut Franks' salary without his consent in November 1985. Thus, in the only damage issue submitted as to Franks, special issue number twelve, the jury further found that Franks had suffered no monetary damages as a result of Chapman Air's alleged wrongful acts. Therefore, since none of the parties is recovering a claim for damages under the contract, none is entitled to attorney's fees under TEX.CIV.PRAC. & REM.CODE, section 38.001. *Perritt Co. v. Mitchell*, 663 S.W.2d 696, 699 (Tex.App.— Fort Worth 1983, writ ref'd n.r.e.). Thus, we conclude that in the present case Franks is not entitled to recover attorney's fees. We sustain Chapman Air's fourteenth point of error.

We now reach the issue raised by U.S. Air. Some background is necessary. Chapman perfected its appeal on August 29, 1986, when it filed its cost bond. This was prior to the September 1, 1986 effective date of the Texas Rules of Appellate Procedure. Chapman Air appealed from the trial court's entire judgment. Indeed, it tells us so in its cost bond which runs in favor of both Franks and U.S. Air. Furthermore, Chapman made no attempt to limit the scope of its appeal by compliance with rule 353 of the Texas Rules of Civil Procedure. (Effective September 1, 1986, the provisions for notice of limitation of appeal are found in rule 40(a)(4) of the Texas Rules of Appellate Procedure.) Thus, Chapman did not appeal from only one portion of the trial court's judgment. But when Chapman Air filed its appellant's brief, all parties learned that Chapman Air does not complain on appeal of the trial court's take-nothing judgment in favor of U.S. Air and against Chapman Air. As Chapman Air tells us in footnote one of its brief:

> [Chapman Air] asserted an action against [U.S. Air] for tortious interference with a contract. The jury found there were no damages to Chapman [Air] as to U.S. Air's actions related to this issue. The judgment denied any relief sought as to U.S. Air. [Chapman Air] does not appeal the portion of the judgment as to U.S. Air.

U.S. Air, however, by cross-point contends that the trial court erred in failing to award it the amount of stipulated attorney's fees against Chapman Air. U.S. Air bases its entitlement to attorney's fees upon an alleged violation by Chapman Air of the Texas Free Enterprise and Antitrust Act of 1983. TEX.BUS. & COM.CODE ANN. § 15.01 et seq. (Vernon 1968 & Vernon Supp.1987). U.S. Air alleged this violation of the Act as an affirmative defense to Chapman Air's claim against U.S. Air and as a counterclaim against Chapman Air. In its counterclaim, U.S. Air sought to recover attorney's fees against Chapman Air under section 15.21(a)(1) of the Act which reads:

> Any person or governmental entity, including the State of Texas and any of its political subdivisions or tax-supported institutions, whose business or property has been injured by reason of any conduct declared unlawful in Subsection (a), (b), or (c) of Section 15.05 of this Act may sue any person, other than a municipal corporation, in district court in any county of this state in which any of the named defendants resides, does business, or maintains its principal office or in any county in which any of the named plaintiffs resided at the time the cause of action or any part thereof arose and shall recover actual damages sustained, inter-

est on actual damages for the period beginning on the date of service of such person's pleading setting forth a claim under the antitrust laws and ending on the date of judgment (the rate of such interest to be in accordance with Texas law regarding postjudgment interest rates and the amount of interest to be adjusted by the court if it finds that the award of all or part of such interest is unjust in the circumstances), and the cost of suit, *including a reasonable attorney's fee;* provided, however, that if the trier of fact finds that the unlawful conduct was willful or flagrant, it shall increase the recovery to threefold the damages sustained and the cost of suit, including a reasonable attorney's fee; provided that interest on actual damages as specified above may not be recovered when recovered damages are increased threefold.

(Emphasis added.) Subsections (a), (b) and (c) of section 15.05 of the Act provide:

(a) Every contract, combination, or conspiracy in restraint of trade or commerce is unlawful.

(b) It is unlawful for any person to monopolize, attempt to monopolize, or conspire to monopolize any part of trade or commerce.

(c) It is unlawful for any person to sell, lease, or contract for the sale or lease of any goods, whether patented or unpatented, for use, consumption, or resale or to fix a price for such use, consumption, or resale or to discount from or rebate upon such price, on the condition, agreement, or understanding that the purchaser or lessee shall not use or deal in the goods of a competitor or competitors of the seller or lessor, where the effect of the condition, agreement, or understanding may be to lessen competition substantially in any line of trade or commerce.

An appellee is a party against whom an appeal is taken; that is to say, the party who has an interest adverse to setting aside the judgment. *Slayton & Co. v. Horsey,* 97 Tex. 341, 343, 78 S.W. 919, 920 (1904). For the purposes of this opin-

ion, we assume, but do not decide, that U.S. Air continues to have an interest adverse to setting aside the take-nothing judgment in its favor and against Chapman Air notwithstanding what Chapman Air tells us in footnote one of its brief. Thus, for the purposes of this opinion, we further assume, but do not decide, that U.S. Air is an appellee. An appellee may use cross-points to bring forward complaints of some ruling or action of the trial court that the appellee alleges constituted error as to it. However, this right of an appellee is subject to the limitation that such cross-points must affect the interest of the appellant or bear upon matters presented in the appeal. *Young v. Kilroy Oil Co.,* 673 S.W.2d 236, 241 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). In the present case, however, we conclude that U.S. Air's cross-point does not affect the interest of Chapman Air or bear upon matters presented in Chapman Air's appeal. We reach this conclusion because the cross-point is not directed to the defense of the judgment against Chapman Air. A cross-point that is not directed to the defense of the judgment against appellant, places the party asserting the cross-point in the role of an appellant. *See Young,* 673 S.W.2d at 242. Indeed, in the present case, U.S. Air prays that we reverse the trial court's judgment denying it attorney's fees and render judgment against Chapman and in favor of U.S. Air awarding U.S. Air attorney's fees in the sum of $11,000.00. We conclude that this prayer places U.S. Air in the roll of an appellant. *See Young,* 673 S.W.2d at 242.

But in the present case, U.S. Air cannot be an appellant in this appeal. *See Young,* 673 S.W.2d at 242. An appellant must file a cost bond, cash, or affidavit in lieu thereof with the clerk within thirty days after the judgment is signed, or within ninety days after the judgment is signed if a timely motion for new trial has been filed by any party. *Young,* 673 S.W.2d at 242. Rule 356 of the Texas Rules of Civil Procedure is mandatory and jurisdictional and the time limits prescribed for the filing of bonds for costs on appeal cannot be dispensed with or enlarged by the courts of appeals for any reason. *Young,* 673

S.W.2d at 242. (Effective September 1, 1986, the provisions for time to file a cost bond are found in Rule 41(a) of the Texas Rules of Appellate Procedure.) In the present case, U.S. Air failed to timely file the requisite cost bond, cash or affidavit. Since U.S. Air was not an appellant and the judgment was final as to it, that part of U.S. Air's brief asserting a cross-point against Chapman Air is therefore ordered quashed and U.S. Air's attempted appeal is ordered dismissed. *See Young*, 673 S.W.2d at 242.

█ Moreover, we conclude that we must overrule U.S. Air's cross-point even if U.S. Air was an appellant appealing that portion of the trial court's judgment disallowing its attorney's fees claim. Furthermore, we conclude that we must overrule U.S. Air's cross-point even if U.S. Air's assumed standing as an appellee permitted U.S. Air by the cross-point to complain of that portion of the trial court's judgment disallowing its attorney's fees claim. We reach these conclusions because the trial court's judgment does not award U.S. Air any damages against Chapman Air for unlawful conduct under the Texas Free Enterprise and Antitrust Act of 1983. Thus, U.S. Air recovered no damages from Chapman Air. Therefore, since none of the parties is recovering a claim for damages under the Texas Free Enterprise and Antitrust Act of 1983, none is entitled to attorney's fees under section 15.21(a)(1) of the Act. *See Perritt Co.*, 663 S.W.2d at 699. Hence, had we not quashed U.S. Air's cross-point, we would conclude that U.S. Air is not entitled to recover attorney's fees against Chapman Air and we would overrule U.S. Air's cross-point of error.

We reverse that part of the trial court's judgment awarding attorney's fees to Franks and render judgment that Franks take nothing against Chapman Air as to attorney's fees. We affirm the remainder of the trial court's judgment. We tax all costs in this appeal against Chapman Air.