CENTRAL FOREST S/C PARTNERS,
LTD., Appellant,

v.

MUNDO–MUNDO, INC., Appellee.

No. 05–04–01461–CV.

Court of Appeals of Texas,
Dallas.

Nov. 7, 2005.

Rehearing Overruled March 1, 2006.

**298**

Catherine Kays, Geary Porter & Donavan, P.C., Addison, for Appellant.

Robert M. Jones, Kelvin Malone, Mundo-Mundo, Inc., Dallas, for Appellee.

Before Justices MORRIS, WRIGHT, and RICHTER.

## OPINION

Opinion by Justice WRIGHT.

Central Forest S/C Partners, Ltd. (Central) appeals an award of attorney's fees in favor of Mundo–Mundo, Inc. (Mundo) following a bench trial. In five points of error, Central contends: (1) the trial court erred in awarding attorney's fees because Mundo did not prevail on any claim for which attorney's fees are recoverable; (2) the trial court erred in awarding Mundo declaratory relief; (3) the trial court erred in failing to award attorney's fees to Central on its counterclaim; (4) the evidence is insufficient to support the findings of fact; and (5) the trial court erred in excluding certain evidence. We overrule Central's points of error and affirm the trial court's judgment.

## Background

Mundo entered into an agreement to lease space in a shopping center owned by Central. Mundo used the space for its pet grooming and boarding business. Pursuant to the lease, Central was to reimburse Mundo for its build-out expenses. A dispute arose as to the last $10,000 of the build-out expenses. With respect to the money in dispute, Central claimed that it had paid $4,379.80 directly to a contractor. While negotiations for the remaining reimbursement continued, Central alleged that Mundo was in violation of the lease for failing to control the odor and noise levels. Mundo insisted it was not in breach of the lease and demanded payment and an accounting of all funds paid to any contractor.

Negotiations over reimbursement of the build-out expenses failed. Subsequently, Mundo filed suit to collect the money. Thirty-four days after suit was filed, Central sent a letter and check for $5,260.20 directly to Mundo as settlement for the $10,000. Mundo did not cash the check and the lawsuit continued. Central filed a counterclaim alleging Mundo breached the lease. Central sought termination of the lease and attorney's fees.

Through discovery, Central finally produced evidence of the $4,379.80 payment to the contractor. Following a bench trial, the trial court issued a letter instructing Mundo to cash the check received after the lawsuit was filed in satisfaction of the money owed from Central. As a result of the trial court's instructions, in its subsequent judgment, the trial court did not recite an award of damages to Mundo. The trial court did find that Mundo was not in breach of the lease, denied all relief requested by Central, and awarded attorney's fees to Mundo as the prevailing party. This appeal timely followed.

## Attorney's Fees

◼ In its first point of error, Central contends the trial court erred in awarding attorney's fees to Mundo because Mundo did not prevail on any claim for which attorney's fees are recoverable.[1] Whether attorney's fees are available under a particular statute is a question of law, which we review de novo. *See Holland v. Wal-Mart Stores, Inc.,* 1 S.W.3d 91, 94 (Tex. 1999) (per curiam).

◼ Attorney's fees are not recoverable in Texas unless allowed by statute or by contract. *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.,* 835 S.W.2d 75, 77 (Tex. 1992). Attorney's fees are recoverable in a suit on a contract. TEX. CIV. PRAC. & REM.CODE ANN. § 38.001(8) (Vernon 1997). To recover attorney's fees under section 38.001, a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages. *Green Int'l, Inc. v. Solis,* 951 S.W.2d 384, 390 (Tex.1997).

◼ Following the trial, the trial court sent the parties a letter stating its ruling. The body of the letter states as follows:

Plaintiff will recover no damages, but only as conditioned below. The Court finds that Mr. Levering of Crawford Electric acknowledged receipt of the $4780.80 in Defendant's Exhibit 9. As to the $5260.20, Plaintiff should negotiate that check immediately; if reissuance is required, this should be done immediately. If payment is not made on that check, or replacement check, as the case may be, then the Court will grant judgment for the $5260.20.

As to the injunction and declaratory judgment actions, Plaintiff's Declaratory Judgment request is granted. The Court finds Plaintiff. to not be in breach of the lease and further finds the Defendant's termination of the lease to be of no force or effect. Plaintiff's request for a permanent injunction is denied.

Defendant's request for relief is denied.

As to attorney's fees, Plaintiff will not receive attorney's fees for the declaratory judgment. For filing the case to protect her rights under the lease, which the Court finds was immediately necessary under these circumstances, and for prevailing, the Court, after taking judicial notice of the evidence, the file, and reasonable and necessary fees in this County for cases of this type, awards the following, for Plaintiff's principal claim only: $25,000.00 through trial, $7500.00 through the Court of Appeals, $2500.00 for a Petition for Review, and $2000.00 if the petition is granted.

Plaintiff's counsel will draft a judgment for the Court's consideration.

The trial court correctly recognized that Mundo had a valid claim at the time it commenced litigation. Mundo did as the trial court instructed and negotiated the check that Central tendered to Mundo after Mundo filed the lawsuit. The trial court's judgment, signed twenty-seven days after its letter ruling, did not recite an award of damages because Central paid the damages prior to the entry of judgment.

The cases cited by Central are distinguishable. In *Capital Metro. v. Central of Tennessee Railway and Navigation Co.,* 114 S.W.3d 573 (Tex.App.-Austin 2003, pet. denied), the jury found that both parties breached the contract but that Longhorn's breach was excused. The jury awarded Longhorn in excess of one million dollars

---

1. In its second point of error, Central contends Mundo was not entitled to attorney's fees under the Declaratory Judgments Act. The trial court stated that it was not awarding attorney's fees pursuant to that Act. Accordingly, Central's second point of error is moot.

in lost profits and its attorney's fees. *Id.* at 576. The court of appeals held that Longhorn did not present legally sufficient evidence of its lost profits and reversed the award. Because Longhorn was not entitled to any damages, the court of appeals held it was likewise not entitled to its attorney's fees. *Id.* at 583.

Similarly, in *Angelo Broadcasting, Inc. v. Satellite Music Network, Inc.,* 836 S.W.2d 726 (Tex.App.-Dallas 1992, pet. denied), *overruled on other grounds by Hines v. Hash,* 843 S.W.2d 464, 469–70 (Tex.1992), this Court reversed the damages awarded to Satellite Music on its unjust enrichment claim. Because Satellite Music was not entitled to damages, it was not entitled to recover attorney's fees. *Id.* at 736. In another case out of this Court, the plaintiffs obtained a favorable jury finding on their breach of contract cause of action. However, they failed to submit a damage question to the jury. *Rodgers v. RAB Investments, Ltd.,* 816 S.W.2d 543, 551 (Tex.App.-Dallas 1991, no pet.). This court held that without a jury finding of damages, they were not entitled to attorney's fees. *Id.* Like these cases, the last case Central relies upon is also inapplicable. *See Chapman Air Conditioning, Inc. v. Franks,* 732 S.W.2d 737, 743 (Tex.App.-Dallas 1987, no writ). *Franks* merely stands for the proposition that under the Texas Free Enterprise and Antitrust Act of 1983, a party must first recover damages before it is entitled to attorney's fees provided for in the Act. *Chapman Air Conditioning, Inc. v. Franks,* 732 S.W.2d 737, 743 (Tex.App.-Dallas 1987, no writ).

In contrast to each of the parties in the above cases, Mundo prevailed on her cause of action and recovered something of value as a result of the lawsuit. The trial court pronounced in its letter ruling that Mundo was the prevailing party. Prior to entry of the judgment, Mundo did recover its damages as directed by the trial court in its letter ruling. Such procedure did not strip away Mundo's status as the prevailing party. We overrule Central's first point of error.

## Breach of the Lease

In its third point of error, Central contends the trial court erred in failing to find that Mundo breached the lease and that Central was entitled to terminate the lease and recover its attorney's fees. Central attacks the trial court's findings in support of its conclusion that Mundo did not breach the lease in point of error four.

Findings of fact in a case tried to the court have the same force and effect as jury findings. *See Gregory v. Sunbelt Sav., F.S.B.,* 835 S.W.2d 155, 158 (Tex. App.-Dallas 1992, writ denied). We review a trial court's fact findings by the same standards we use to review the sufficiency of the evidence to support a jury's findings. *See Zieben v. Platt,* 786 S.W.2d 797, 799 (Tex.App.-Houston [14th Dist.] 1990, no writ).

When we review the findings for legal sufficiency, we consider only the evidence and inferences tending to support the finding and disregard all the evidence and inferences to the contrary. *See Burroughs Wellcome Co. v. Crye,* 907 S.W.2d 497, 499 (Tex.1995). We uphold the finding if it is supported by more than a scintilla of evidence. *Id.* When reviewing findings of fact for factual sufficiency, we consider and weigh all of the evidence and set aside the finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986) (per curiam).

Central complains of the trial court's findings that Mundo did not breach

the lease. Specifically, the trial court found that Mundo did not fail to: (1) clean up animal waste in the common areas of the property; (2) wash trash and/or waste to the appropriate sewers or drains; and (3) keep the noise of barking dogs and dog odors from emanating from the leased premises to other tenants.

The complaints regarding Bark & Purr came from Ashton Podiatry which leased the space directly next to Bark & Purr. Beth Connett is a regional property manager for Henry S. Miller. Her job responsibilities included maintaining Central's property and policing the leases. She testified that she noticed the smell and the barking when she visited Ashton Podiatry to address the doctors' complaints. On one visit, she said the odor was so bad she vomited. Despite this testimony, Connett wrote a letter to Dr. Roy Ashton after her visits. In this letter she stated, "we were unable to detect any evidence of odor or noise." On cross-examination, Connett admitted the statement was not true and that she wrote the letter at the direction of her supervisors.

Dr. Scott Ashton and Dr. Roy Ashton testified that the barking and odors were a continuous problem. They also testified that these problems adversely impacted their business. In addition, the doctors testified that animal waste littered the common areas of the property.

The trial court heard conflicting testimony from Mundo's witnesses. Two clients of Bark and Purr testified that the facilities were clean and odorless. Harley Willey, a patient of Ashton Podiatry and a client of Bark and Purr testified that he never noticed either an odor or barking at Ashton Podiatry. Kathy Whipple, another patient of Ashton Podiatry and client of Bark and Purr, testified that she never smelled any odor at the doctor's office.

She testified that on one occasion she heard a faint barking sound.

Minerva Mundo–Mundo, co-owner of Bark & Purr, testified that her employees cleaned the common areas three or four times a day. Edgar Ivarrola, a former groomer at Bark and Purr testified that any animal waste in the common areas were immediately cleaned up. We conclude the evidence is both legally and factually sufficient to support findings of fact one, seven, eight, nine, ten, and twenty.

■ Central also contests the trial court's findings that Central breached the lease by failing to pay money due under the contract. The evidence established that Central owed Mundo $5,260.20 as the remainder of the build-out allowance. Mundo filed the lawsuit to recover the money owed under the lease. After filing the lawsuit, Central tendered the $5,260.20 it admittedly owed under the lease. The trial court correctly found in its second and third findings of fact that Central breached the lease by failing to pay sums due.

■ Central contends the evidence is insufficient to support the trial court's findings that it breached the lease by attempting to terminate the lease and by interfering with Mundo's peaceful use of the premises. We have determined that the evidence is sufficient to support the trial court's findings that Mundo did not breach the lease. Because Mundo was not in breach of the lease, Central breached the lease by attempting to terminate it. The evidence is sufficient to support findings of fact eleven, twelve, and thirteen.

■ In finding of fact fourteen, the trial court found that Central's breach of the lease caused damage to Mundo. Central contends the evidence is insufficient to support this finding because the build-out allowance had been paid in full. The evi-

dence showed that after Mundo filed its lawsuit against Central, Central tendered a check for the balance of the build-out allowance to Mundo. The check had not been negotiated. The evidence did not establish that the money owed had been paid before suit, but rather, that the money owed was tendered after the lawsuit was filed. We conclude the evidence is sufficient to support the trial court's fourteenth finding of fact.

▰▰ Finally, Central contests the trial court's findings that Connett admitted that she considered lying permissible and that the court found her testimony was not credible. Central contends these matters are not proper subjects for fact findings.

▰▰ In a bench trial, it is the duty of the trial court to pass on the credibility of the witnesses and on the weight to be given their testimony. *Tex. W. Oil & Gas Corp. v. El Paso Gas Transp. Co.*, 631 S.W.2d 521, 524 (Tex.App.-El Paso 1982, writ ref'd n.r.e.). A trial court can reject or accept the testimony of any witness in whole or in part. Connett's credibility was called into doubt. She first stated that she would not lie to a tenant. Later, she stated that her statement to Ashton Podiatry that she had not detected any odor on her visits was not true. She testified that she wrote the statement because her supervisor instructed her to do so. The evidence is sufficient to support the trial court's findings as to Connett. Although not required, a trial court may make findings on evidentiary matters. *See In re Marriage of Becerra*, 100 S.W.3d 637, 640–41 (Tex.App.-Texarkana 2003, no pet.). We conclude the evidence is sufficient to support the trial court's findings with respect to Connett and her testimony. We overrule Central's fourth point of error.

### Exclusion of Evidence

▰▰ In its final point of error, Central complains of the trial court's exclusion of an audiotape of barking dogs and a log of patients' complaints maintained by Ashton Podiatry's supervisor.

▰▰ We review a trial court's rulings in admitting or excluding evidence under an abuse of discretion standard. *Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex.2000). To reverse an erroneous evidentiary ruling, an appellant must not only establish error but also show the error was reasonably calculated to cause and probably did cause the rendition of an improper verdict. Tex.R.App. P. 44.1; *McCraw v. Maris*, 828 S.W.2d 756, 757 (Tex.1992). Before harm may be established, however, the entire record must be examined to determine whether any excluded evidence was controlling on a material issue and not cumulative of other evidence. *See Williams Distrib. Co., v. Franklin*, 898 S.W.2d 816, 817 (Tex.1995).

Vicki Haiduk, clinical supervisor at the podiatry office, testified as to both the noise level and complaints received from patients about both the noise and odor. Dr. Scott Ashton and Dr. Roy Ashton also testified about the noise level and odors. They testified as to the impact the barking and odors had on them, their employees, and their patients. The excluded evidence, an audiotape of the barking dogs and a complaint log, is merely cumulative of the testimony provided by Haiduk and the doctors. Therefore, any error in the exclusion of this evidence, was harmless. We overrule Central's fifth point of error.

We affirm the trial court's judgment.