**AMERICAN EXPRESS CENTURION BANK, Appellant,**

v.

**Sarah MINCKLER, Appellee.**

**No. 05–10–01045–CV.**

Court of Appeals of Texas, Dallas.

July 7, 2011.

Christopher D. Osborn, Megan Ann Naglreiter Doolittle, Zwicker & Associates, PC, Taylor, for Appellant.

Sarah Minckler, Mesquite, pro se.

Before Justices MARTIN RICHTER, LANG, and FILLMORE.

## OPINION

Opinion By Justice FILLMORE.

American Express Centurion Bank sued Sarah Minckler for breach of contract.[1] The trial court found American Express was entitled to judgment as a matter of law because Minckler had defaulted on her obligations under the contract, but awarded no damages. In two issues, American Express argues the trial court erred by failing to award damages because Minckler's admissions in her answer, Minckler's deemed admissions in connection with American Express's requests for admis-

---

1. Minckler has not filed a brief in this appeal.

sions, and the evidence admitted at trial established that American Express was entitled to damages. We reverse the trial court's judgment, render judgment that American Express recover $15,512.68 from Minckler, and remand to the trial court for further proceedings.

## Background

American Express sued Minckler, alleging she breached the terms of a cardmember agreement by failing to make required payments on her credit card account ending with the numbers 91007. American Express attached to its petition a copy of the cardmember agreement with a date line across the top of February 27, 2004. American Express alleged that, pursuant to the cardmember agreement, it made advances to Minckler, either as cash or in payment for purchases made by Minckler, Minckler failed to repay all of the advances, and the current balance owed by Minckler was not less than $15,550.68. Minckler filed a pro se answer stating:

I do not deny the statements made by the plaintiff. Our circumstances have been such that we are unable at this time to repay or make payments on this debt. Our attempts to receive help from the plaintiff were ignored, so we had no choice, due to excessive debts, federal income tax due, loss of income for a time and medical debt, to stop payments until such time [as] we would be able to repay our obligations.

American Express served Minckler with discovery requests, including requests for admissions. American Express requested that Minckler admit, among other things, that (1) she entered into a cardmember agreement relating to a credit card account ending with the numbers 91077, (2)

American Express extended her credit, (3) using this credit, she made purchases from third parties, (4) under the cardmember agreement, she was bound to pay American Express the amount of these purchases, plus additional charges, (5) she made no objection to any of the charges, (6) she failed to repay American Express, and (7) the unpaid balance became due on or before January 12, 2008 and totaled not less than $15,550.68. Minckler failed to answer any of American Express's discovery requests, and American Express filed a Motion for Judgment based on Deemed Admissions.

Minckler failed to appear at trial, and the trial court reset the case for a default prove-up hearing. At the default prove-up hearing, Sean Hamilton, assistant custodian of records for American Express, authenticated a copy of the cardmember agreement with a date line of March 2008 [2] and monthly account statements for Minckler's account from February 20, 2006 through February 20, 2008. According to Hamilton, Minckler never objected to any of the charges shown in the monthly statements. Hamilton testified the last payment made on the account was on August 8, 2007 and that the balance owed on the February 20, 2008 statement was $15,512.68. Hamilton also authenticated several checks and money orders that showed Minckler made payments on the credit card account ending with the numbers 91007 beginning as early as February 19, 2003. Minckler included the numbers "91007" on the memorandum line of the checks. Christopher Osborn, American Express's attorney, testified a reasonable attorney's fee for bringing the claim was

---

2. The day of the month was obliterated by what appears to be a two-hole punch on the document.

not less than $500 and indicated American Express was requesting that amount.[3]

The trial court questioned Osborn about the date of the default. Osborn responded Minckler did not make the regularly scheduled payment on September 20, 2007. The trial court found Minckler was in default on her obligations under the contract, but stated it could not award American Express any damages because the contract entered into evidence at trial had a date line of March 2008, after the default had occurred. The trial court entered judgment, finding "[a]fter careful consideration of the pleadings, the admissions of [Minckler] and the evidence, it appears to the Court that there is no genuine issue of material fact and [American Express] is entitled to judgment as a matter of law," but awarding American Express no damages.

**Standard of Review**

In two issues, American Express argues the trial court erred by failing to award damages after finding Minckler had breached the parties' agreement. We view this as a challenge to the legal sufficiency of the evidence to support the trial court's finding of no damages.

■■■ The trial court did not enter findings of fact and conclusions of law.[4] When a trial court does not make separate findings of fact or conclusions of law, it is implied that the trial court made all fact findings necessary to support its judgment. *Sixth RMA Partners, L.P. v. Sibley,* 111 S.W.3d 46, 52 (Tex.2003). However, when, as in this case, the appellate record includes the reporter's and clerk's records, the trial court's implied fact findings are not conclusive and may be challenged for legal sufficiency. *Id.; BMC Software Belgium, N.V. v. Marchand,* 83 S.W.3d 789, 795 (Tex.2002). We must affirm the trial court's judgment if it can be upheld on any legal theory that finds support in the evidence. *In re W.E.R.,* 669 S.W.2d 716, 717 (Tex.1984) (per curiam).

■■■ We review the trial court's implied findings of fact for sufficiency of the evidence by the same standards that are applied in reviewing evidence supporting a jury's verdict. *Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex.1994); *Darocy v. Abildtrup,* 345 S.W.3d 129, 135–36 (Tex. App.-Dallas 2011, no pet. h.). A party who attacks the legal sufficiency of an adverse finding on an issue on which that party has the burden of proof must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue. *Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 241 (Tex.2001) (per curiam). In determining whether legally sufficient evidence supports the finding, we consider evidence favorable to the finding if a reasonable fact finder could consider it, and disregard evidence contrary to the finding unless a reasonable fact finder could not disregard it. *City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex.2005). If the evidence at trial would enable reasonable and fair-minded people to differ in their conclusions, then the fact finder must be allowed to do so. *Id.* at 822. We may not substitute our judgment for that of the fact

---

**3.** American Express's Original Petition requested attorney's fees "in the sum of not less than $5,100 through trial in this cause, plus additional contingent amounts in the event of appellate proceedings."

**4.** The trial court's oral comments from the bench do not constitute findings of fact. *In re*

*Fortenberry,* 261 S.W.3d 904, 909–10 (Tex. App.-Dallas 2008, no pet.); *see also In re W.E.R.,* 669 S.W.2d 716, 716 (Tex.1984) (per curiam); *John A. Broderick, Inc. v. Kaye Bassman Intern. Corp.,* 333 S.W.3d 895, 907 n. 5 (Tex.App.-Dallas 2011, no pet. h.)

finder, "so long as the evidence falls within this zone of reasonable disagreement." *Id.* Although we must consider the evidence in the light most favorable to the verdict, and indulge every reasonable inference that would support it, if the evidence allows only one inference, neither the fact finder nor the reviewing court may disregard it. *Id.*

## Discussion

■ To prove its breach of contract claim, American Express was required to establish (1) the existence of a valid contract between Minckler and American Express, (2) performance by American Express, (3) breach of the contract by Minckler, and (4) damages sustained as a result of the breach. *See James M. Clifton, Inc. v. Premillenium, Ltd.,* 229 S.W.3d 857, 859 (Tex.App.-Dallas 2007, no pet.). American Express alleged in its original petition that it entered into a cardmember agreement with Minckler, American Express performed under the cardmember agreement by extending credit which enabled Minckler to make purchases from third-parties, Minckler breached the cardmember agreement by failing to repay the advances from American Express, and the outstanding balance of Minckler's credit card account was not less that $15,550.68. Attached to American Express's original petition was an "Agreement Between Optima Cardmember and American Express Centurion Bank" with a date line of February 27, 2004.[5] In her answer, Minckler stated she "did not deny the statements made by" American Express but, due to financial difficulties, she could not "repay or make payments on this debt." Minckler's answer failed to place in issue the existence of a contract between her and American Express, her breach of that contract, or the amount of damages resulting from her breach. *See Stoner v. Thompson,* 578 S.W.2d 679, 682, 683 (Tex.1979) (when no answer placing merits of case in issue is filed, "it is said that the non-answering party has 'admitted' the facts properly pled and the justice of the opponent's claim"); *Thompson v. Harco Nat'l Ins. Co.,* 120 S.W.3d 511, 514 (Tex.App.-Dallas 2003, pet. ref'd) (judgment *nihil dicit* is proper when defendant's plea does not place merits of plaintiff's case in issue).

Minckler also failed to answer American Express's requests for admissions and, therefore, American Express's requests were deemed admitted without the necessity of a court order. *See* Tex.R. Civ. P. 198.2(c); *Oliphant Fin., LLC v. Galaviz,* 299 S.W.3d 829, 838 (Tex.App.-Dallas 2009, no pet.) ("unanswered requests for admissions are deemed admitted without the necessity of a court order and any matter thus admitted is conclusively established as being true"). Accordingly, Minckler is deemed to have admitted she entered into a cardmember agreement relating to a credit card account ending with the numbers 91007, American Express extended Minckler credit under the terms of the cardmember agreement, Minckler was bound under the cardmember agreement to repay advances from American Express, Minckler failed to repay the advances, and an unpaid balance of $15,550.68 became due on or before January 12, 2008.

At trial, American Express offered into evidence an "Agreement Between Optima Cardmember and American Express Centurion Bank" with a date line of March 2008. It also offered monthly credit card statements from February 20, 2006

---

5. There is no contention in this appeal that either the February 27, 2004 cardmember agreement attached to American Express's original petition or the substantially similar March 2008 cardmember agreement admitted at trial is not a valid contract.

through February 20, 2008 for the credit card account ending with the numbers 91007 that were addressed to Minckler. The statements showed monthly charges by Minckler from February 2006 through September 2007 and monthly payments by Minckler from February 2006 through August 2007. American Express submitted checks and money orders from Minckler showing she made payments on the credit card account ending with the numbers 91007 since at least February 19, 2003. The February 20, 2008 statement showed an outstanding balance of $15,512.68. American Express requested the trial court award damages of $15,512.68.

To sustain the trial court's judgment that Minckler was in default on her obligations under the contract, but American Express was not entitled to recover damages, we must imply a finding by the trial court that American Express failed to prove a contract existed prior to March 2008. However, the cardmember agreement attached to American Express's petition had a date line of February 27, 2004, and Minckler's answer failed to place in issue the existence of a contract between her and American Express by at least February 2004. Further, Minckler made payments on the account beginning in at least February 2003 and made monthly payments and charges between February 2006 and September 2007. The monthly use of the credit card established a contract existed between Minckler and American Express during that time period. *See Winchek v. Am. Exp. Travel Related Servs. Co.*, 232 S.W.3d 197, 204 (Tex.App.-Houston [1st Dist.] 2007, no pet.) (op. on reh'g) (continuing use of a credit card and making payments on account for purchases and charges reflected on monthly statements manifests cardholder's intent that terms of credit card agreement become effective). It was undisputed that Minckler breached the contract in September 2007, and the evidence conclusively established damages of at least $15,512.68.

Minckler's admissions and the evidence at trial lead to only one inference—that Minckler and American Express had a contract between February 2006 and September 2007, Minckler breached the contract in September 2007, and American Express incurred damages of $15,512.68. Accordingly, the trial court erred by failing to award American Express damages on its breach of contract claim. *See City of Keller*, 168 S.W.3d at 822 (fact finder cannot disregard evidence that leads to only one inference). We sustain American Express's two issues. We reverse the portion of the trial court's judgment awarding American Express no damages, render judgment that American Express recover $15,512.68 from Minckler, and remand this case to the trial court for a calculation of prejudgment interest and attorney's fees.