**Opinion issued August 26, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00986-CV

————————————

**WOLFGANG HIRCZY, Appellant**

**V.**

**CITIBANK, N.A., Appellee**

———

**On Appeal from the County Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1001936**

———

## MEMORANDUM OPINION

Wolfgang Hirczy appeals the post-answer default judgment rendered in favor of appellee, Citbank, N.A., on its cause of action for breach of contract.  In four issues, Hirczy contends that (1) the trial court erred in granting judgment in

favor of Citibank absent proof of the underlying contract; (2) the trial court's judgment contravenes federal law governing national banks; (3) the trial court's judgment contravenes federal and state policy favoring arbitration; and (4) the absence of a reporter's record constitutes reversible error. We affirm.

## Background

Based on Hirczy's default on a credit card agreement, Citibank filed suit alleging breach of contract and seeking damages of $15,555.33, plus interest and costs. The petition was accompanied by requests for disclosure, interrogatories, and requests for admissions. Although the return of service reflects that Hirczy was served with the petition and discovery requests on October 24, 2011, he failed to answer any of the discovery requests.

The following May, 2012, Citibank amended its petition and filed a second set of discovery requests[1] seeking that Hirczy admit, among other things, that (1) he used a credit card account issued to him by the bank to make purchases and/or obtain cash advances; (2) he made at least one payment on the account; (3) he was provided with a copy of the applicable terms and conditions and/or the cardholder agreement for the account prior to using the account; (4) he did not object to the

---

[1] Although entitled "Plaintiff's First Discovery Request," these requests for disclosure, production, admissions, and interrogatories were actually Citibank's second set of discovery requests. In this amended petition, Citibank sought damages in the amount of $15,831.33.

2

applicable terms and conditions; (5) Citibank paid all vendors and merchants for any purchases charged by him to the account; (6) he received monthly account statements; (7) he ceased making payments on the account; (8) he received a demand letter for payment of the debt; (9) all due payments, credits, and/or adjustments in his favor were applied to the account; and (10) he had a balance remaining owed on the credit card account at the time he ceased making payments. Despite several attempts, Citibank never served Hirczy with the amended pleading and discovery requests. Hirczy filed his answer on February 3, 2013, but never answered any of the discovery requests.

Although Citibank provided notice of the August 19, 2013 trial setting via certified mail,[2] Hirczy failed to appear.

The following trial exhibits were admitted:[3]

- Citibank's notice to Hirczy of the trial setting and the court's order for trial setting (Exhibit A);

- an affidavit on deemed admissions by Citibank's attorney (Exhibit B);

- a certificate of last known mailing address (Exhibit C);

- a non-military affidavit (Exhibit D);

---

[2] During the course of litigation, Hirczy filed a motion to dismiss and Citibank filed a motion for summary judgment but the trial court did not rule on these motions.

[3] It is undisputed that Citibank presented no live testimony at trial.

- the affidavit of Daniel Fisher, a Citibank document control officer (Exhibit E); and

- an account statement (Exhibit F).

On August 21, 2013, the trial court entered judgment against Hirczy in the amount of $15,831.33, plus interest and court costs. The trial court entered findings of fact and conclusions of law on September 13, 2013, at Hirczy's request. Hirczy timely filed this appeal.

## Discussion

In his first issue, Hirczy contends that the trial court's judgment for Citibank on its breach of contract cause was error because there was no evidence of the underlying contract, i.e., the cardmember agreement. Absent proof of the terms of the underlying contract, he argues, the evidence is insufficient.

We must initially address Hirczy's argument that the trial court's findings of fact and conclusions of law demonstrate that the trial court used the wrong default judgment standard in granting its judgment to Citibank. Conclusion of law No. 2 stated, "Defendant failed to appear for trial and default judgment was granted in favor of the Plaintiff." Hirczy argues that this conclusion, coupled with the trial court's findings of fact,[4] reflects the trial court's erroneous application of the

---

[4] The trial court made the following findings of fact:

> 1. Citibank N.A. filed [its first amended petition] against Defendant Wolfgang Hirczy ("Hirczy") on May 15, 2012.

4

criteria for a no-answer default judgment. We disagree. In its finding of fact no. 3, the trial court noted that Hirczy had filed an original answer and finding of fact no. 8 stated, "Defendant failed to appear for trial on August 19, 2013 and a *post-answer* default judgment was signed" (emphasis added).

A post-answer default judgment occurs where a timely answer, that puts the merits of plaintiff's claim at issue, is on file, but the defendant fails to appear at trial. *Sharif v. Par Tech, Inc.*, 135 S.W.3d 869, 872 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (citing *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979)).[5] If a defendant has filed such an answer, the defendant's failure to appear

---

2. Hirczy was served [with Citibank N.A.'s original petition] on October 24, 2012.

3. Hirczy filed his original answer in response to Citibank, N.A.'s petition on May 20, 2013.

4. Hirczy's answer contained a general denial and objection and plea of privilege.

5. Citibank, N.A. filed its Motion for Summary Judgment on July 23, 2013.

6. The Court set the case on its trial docket on August 19, 2013.

7. Plaintiff appeared for trial and announced ready on August 19, 2013.

8. Defendant failed to appear for trial on August 19, 2013 and a post-answer default judgment was signed.

[5] In contrast, under Texas Rules of Civil Procedure 239, "the plaintiff may . . . take judgment by default against [the] defendant if he has not previously filed an answer . . . ." TEX. R. CIV. P. 239.

5

at trial is neither an abandonment of the defendant's answer nor an implied confession of any issues thus joined by the defendant's answer. *Stoner*, 578 S.W.2d at 682; *Sharif*, 135 S.W.3d at 872. Judgment cannot be entered on the pleadings; instead, the party seeking judgment must offer evidence and prove his case. *Stoner*, 578 S.W.2d at 682.

Proof of its breach of contract claim required Citibank to establish (1) the existence of a valid contract between Hirczy and Citibank, (2) performance by Citibank, (3) breach of the contract by Hirczy, and (4) damages sustained as a result of the breach. *See Am. Express Centurion Bank v. Minckler*, 345 S.W.3d 204, 208 (Tex. App.—Dallas 2011, no pet.); *Winchek v. Am. Express Travel Related Servs. Co.*, 232 S.W.3d 197, 202 (Tex. App.—Houston [1st Dist.] 2007, no pet.). In its petition, Citibank alleged that it issued a credit card to Hirczy in his name, Hirczy received and used the card, Citibank performed under the contract by reimbursing merchants who accepted Hirczy's credit card in payment, Hirczy breached the contract by defaulting on the payment obligation of the credit card agreement; and the outstanding balance of Hirczy's credit card account was $15,831.33. Citibank's requests for admissions sought Hirczy's admission of the truth of each of these allegations.

"Deemed admissions may be employed as proof, and once admissions are deemed admitted by operation of law and where the admissions fully support each

6

element of a cause of action, including damages, they will fully support a judgment based thereon." *Oliphant Fin., LLC v. Galaviz*, 299 S.W.3d 829, 838 (Tex. App.—Dallas 2009, no pet.) (noting "unanswered requests for admissions are deemed admitted without the necessity of a court order and any matter thus admitted is conclusively established as being true"); *see* TEX. R. CIV. P. 198.2(c). Here, the record reflects that Hirczy failed to answer Citbank's second requests for admissions and, therefore, Citibank's requests were deemed admitted without the necessity of a court order.[6] *See Overstreet v. Home Indem. Co.*, 669 S.W.2d 825, 827–28 (Tex. App.—Dallas 1984), *rev'd on other grounds*, 678 S.W.2d 916 (Tex. 1984); *see also Rowlands v. Unifund CCR*, No. 14-05-01122-CV, 2007 WL 1395101, at *3 (Tex. App.—Houston [14th Dist.] 2007, no pet.) ("[T]o the extent they address the elements of proof of a claim, deemed admissions provide uncontroverted proof of these elements as a matter of law."). Accordingly, Hirczy is deemed to have admitted each of the elements of proof required to sustain the judgment for Citibank.

At trial, the affidavit of Daniel Fisher, a Citibank document control officer, was admitted attesting that Hirczy incurred charges on his account; failed to make

---

[6]     Although Hirczy was not served with this petition and set of discovery requests, he made an appearance in the suit when he subsequently filed his answer. Under Texas Rule of Civil Procedure 121, an answer constitutes an appearance and "dispense[s] with the necessity for the issuance or service of citation upon [the defendant]." TEX. R. CIV. P. 121.

7

the required payments on the account; defaulted on the account; the outstanding balance on the account was $15,831.33, and the account balance was due and owing as of the date of execution of the affidavit. Citibank also offered an account statement for the period from April 21, 2010 to May 20, 2010 reflecting a balance due of $15,831.33.

Hirczy's deemed admissions and the evidence at trial supported each element of Citibank's breach of contract action. *See Minckler*, 345 S.W.3d at 208 (concluding credit card issuer was entitled to default judgment where deemed admissions and evidence at trial supported issuer's breach of contract claim against cardholder); *Galaviz*, 299 S.W.3d at 837–38 (finding creditor was entitled to default judgment because credit card account holder's deemed admissions conclusively proved all elements of creditor's breach of contract claim). Accordingly, we overrule Hirczy's first issue.

Hirczy's second issue contends that, if permitted to stand, the trial court's judgment would contravene federal law by allowing national banks to obtain judgments without the necessity of establishing a contractual basis for charging interest in compliance the Truth in Lending Act, 15 U.S.C. § 1601, Regulation Z, 12 C.F.R. § 226, and the National Bank Act, 12 U.S.C. § 85. Hirczy complains that without proof of the terms of the credit contract, "it is not even possible to determine whether a [Truth in Lending Act] violation occurred . . . ."

8

We find this argument unavailing for several reasons. First, Hirczy is not complaining that default judgment was improper because Citibank failed to provide disclosures related to credit terms mandated by federal banking law. Rather, he argues that, without evidence of the cardholder agreement, it is impossible to determine *whether* Citibank made the mandatory disclosures. This argument, alleging a hypothetical violation of federal law, is without merit. Second, we note that in failing to respond to Citibank's first set of requests for admissions, Hirczy was deemed to have admitted that he received all applicable notices.[7]  *Galaviz*, 299 S.W.3d at 838. Third, Hirczy did not raise this argument before the trial court in either his answer or his motion to set aside the default judgment. *See* TEX. R. APP. P. 33.1. Thus, we overrule Hirczy's second issue.

In his third issue, Hirczy contends that the default judgment, if affirmed, would contravene federal and state policy favoring arbitration. He argues that Citibank's failure to produce the cardmember agreement precluded him from

---

[7]  In failing to respond to Citibank's requests for admissions that accompanied its amended petition, Hirczy admitted that he (1) was notified of all applicable interest rates, late-fees, over-limit fees and other fees and/or penalties that could be assessed on the account prior to use of the account, (2) the monthly account statements received by him for the account accurately set forth all transactions, purchases, payments, credits, debits, deductions, interest rates, late-fees, over-limit fees and/or other fees posted to the account, (3) was notified of all charges and/or amendments to the terms and conditions and/or cardholder agreement for the account, and (4) was notified of any changes to the applicable interest rates, late-fees, over-limit fees and other fees and/or penalties that could be assessed to the account.  In failing to respond, these unanswered requests became deemed admissions. *See Oliphant Fin., LLC v. Galaviz*, 299 S.W.3d 829, 838 (Tex. App.—Dallas 2009, no pet.).

9

invoking the arbitration clause that was likely a provision under the contract. Hirczy's argument, however, presupposes that there was an arbitration provision in the contract and that he would have exercised his right to arbitrate. Further, the record does not indicate that Hirczy attempted to serve Citibank with document requests that would have allowed him to obtain the contract.[8] Finally, a party's contractual right to arbitration (if one existed) is not self-executing; a trial court does not err in failing to compel arbitration when nobody asked it to do so. *Cf. Forged Components, Inc. v. Guzman*, 409 S.W.3d 91, 100 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (noting presumption favoring arbitration arises only after party seeking to compel arbitration proves existence of valid, enforceable arbitration agreement) (citing *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732 (Tex. 2005)). Consequently, we overrule Hirczy's third issue.

In his fourth issue, Hirczy contends that the absence of a reporter's record requires reversal of the default judgment. Hirczy correctly notes that when a judgment is rendered after presentation of evidence to the court in the absence of the appellant and his attorney, the failure to have the court reporter present to make a record constitutes reversible error. *See Sharif*, 135 S.W.3d at 873. However, Citibank states in its brief that all of the exhibits admitted at trial were included in

---

[8] In his answer, Hirczy requested "a copy of the amended petition with whatever attachments so I can figure out how to respond." Such a request does not constitute a request for the contract.

10

the clerk's record and no live testimony was presented at trial. In his reply brief, Hirczy acknowledges that "the absence of a reporter's record in this case is no longer an issue because [Citbank] avers in its brief that no oral testimony was presented at trial, and that all of the trial exhibits are included in the appellate record." *See Galaviz*, 299 S.W.3d at 837–38 (noting plaintiff may be awarded damages on liquidated claim without necessity of hearing or presentation of evidence and affirming award on contract claim based on deemed admissions). Thus, we conclude that Hirczy has abandoned this issue on appeal, and we need not address his fourth issue.

## Conclusion

We affirm the trial court's judgment.


Jim Sharp
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.