**AFFIRM; Opinion Filed May 10, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-01013-CV**

**CHRISTOPHER GRAHAM, Appellant**
**V.**
**DARLA COMPTON, Appellee**

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-19-05792-C**

## MEMORANDUM OPINION

Before Justices Schenck, Molberg, and Pedersen, III
Opinion by Justice Schenck

Christopher Graham appeals the trial court's judgment in favor of Darla Compton. In three issues, he challenges the evidence to support her quantum meruit claim, the award of attorney's fees, and the trial court's failure to grant summary judgment in Graham's favor. We affirm. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND

Compton filed suit in a justice of the peace court against Graham, and entities that are not part of this appeal, alleging theft of services, specifically private process service of subpoenas, motions, notices, and enforcement orders, which she

performed for Graham. Her petition included a request for judgment for a sum of money against Graham "plus reasonable attorney fees," interest, and court costs. She later filed an amendment to her petition, asserting a claim for quantum meruit, seeking the sum of $7,018.37. The justice of the peace granted judgment in favor of Compton, awarding her $5,833.80 in damages, interest, and court costs of $146.00.

Graham appealed the judgment of the justice of the peace to the county court at law. He then filed no-evidence and traditional motions for summary judgment. Compton responded. The record does not contain any order granting or denying the motions. The case proceeded to a bench trial after which the trial court signed a final judgment in favor of Compton and against Graham on Compton's quantum meruit claim and awarded $1,864.92 in actual damages, $4,360.00 in reasonable and necessary attorney's fees, and contingent fees for an appeal to this Court ($7,500.00), a petition of review to the supreme court ($10,000.00), and review, if granted, by the supreme court ($5,000.00). This appeal followed.

## DISCUSSION

### I. *Legally Sufficient Evidence Supported the Reasonable Value of Services Performed*

In his first issue, Graham asserts Compton failed to produce any evidence to support an element of her claim for quantum meruit. He argues she failed to produce evidence regarding the reasonable value of the services she performed.

The trial court did not enter findings of fact and conclusions of law. *See Am. Exp. Centurion Bank v. Minckler*, 345 S.W.3d 204, 207 (Tex. App.—Dallas 2011,

–2–

no pet.). When a trial court does not make separate findings of fact or conclusions of law, it is implied that the trial court made all fact findings necessary to support its judgment. *See id.* However, when, as in this case, the appellate record includes the reporter's and clerk's records, the trial court's implied fact findings are not conclusive and may be challenged for legal sufficiency. *See id.* We must affirm the trial court's judgment if it can be upheld on any legal theory that finds support in the evidence. *See id.*

We review the trial court's implied findings of fact for sufficiency of the evidence by the same standards that are applied in reviewing evidence supporting a jury's verdict. *See id.* In determining whether legally sufficient evidence supports the finding, we consider evidence favorable to the finding if a reasonable fact finder could consider it, and disregard evidence contrary to the finding unless a reasonable fact finder could not disregard it. *See id.* If the evidence at trial would enable reasonable and fair-minded people to differ in their conclusions, then the fact finder must be allowed to do so. *See id.* We may not substitute our judgment for that of the fact finder, so long as the evidence falls within this zone of reasonable disagreement. *See id.* at 207–08. Although we must consider the evidence in the light most favorable to the verdict, and indulge every reasonable inference that would support it, if the evidence allows only one inference, neither the fact finder nor the reviewing court may disregard it. *See id.* at 208.

Quantum meruit is an equitable theory of recovery which is based on an implied agreement to pay for benefits received. *See LTS Grp., Inc. v. Woodcrest Capital, L.L.C.*, 222 S.W.3d 918, 920 (Tex. App.—Dallas 2007, no pet.). To recover under the doctrine of quantum meruit, a plaintiff must establish that: (1) valuable services or materials were furnished; (2) to the party sought to be charged; (3) which were accepted by the party sought to be charged; and (4) under such circumstances as reasonably notified the recipient that the plaintiff, in performing, expected to be paid by the recipient. *See id.* A party must introduce evidence on the correct measure of damages to recover on quantum meruit, which is the reasonable value of work performed and the materials furnished. *See id.* at 920–21. According to Graham, Compton failed to produce evidence regarding the reasonableness of the services she performed or their reasonable value.

Compton produced evidence to support the reasonable value of her services. The record includes a document listing Compton's usual rates for services; invoices and emails from Compton to Graham supporting costs she paid to other process servers for some of the services and for expenses like witness fees and parking; and Compton's testimony regarding Graham's agreement to hire her for her services after first reviewing her quoted prices. We conclude this evidence is legally sufficient to support the reasonable value of the work performed. *See LTS Grp.*, 222 S.W.3d at 920–21; *see, e.g.*, *PMC Chase, LLP v. Branch Structural Sols., Inc.*, No. 05-18-01383-CV, 2020 WL 467791, at *5 (Tex. App.—Dallas Jan. 28, 2020,

–4–

pet. denied) (mem. op.) (concluding testimony from plaintiff's president regarding size of crew, cost per worker, and approximate hours his crew worked legally and factually sufficient to support quantum meruit damages awarded). Accordingly, we overrule Graham's first issue.

## II. *Attorney's Fees Pleaded and Awarded*

In his second issue, Graham urges the award of attorney's fees is improper because Compton did not plead or otherwise request recovery of her attorney's fees.

The determination of whether attorney's fees are available in a particular case is a question of law, which we review de novo. *See Rhodes v. Kelly*, No. 05-16-00888-CV, 2017 WL 2774452, at \*13 (Tex. App.—Dallas June 27, 2017, pet. denied) (mem. op.) (citing *Cent. Forest S/C Partners, Ltd. v. Mundo–Mundo, Inc.*, 184 S.W.3d 296, 299 (Tex. App.–Dallas 2005, no pet.)). Absent a mandatory statute, a trial court's jurisdiction to render a judgment for attorney's fees must be invoked by pleadings, and a judgment not supported by pleadings requesting an award of attorney's fees is a nullity. *See id.* (citing *Alan Reuber Chevrolet, Inc. v. Grady Chevrolet, Ltd.*, 287 S.W.3d 877 (Tex. App.—Dallas 2009, no pet.).

Here, Compton's petition included a request for judgment for a sum of money against Graham "plus reasonable attorney fees," interest, and court costs. Graham argues her later amended petition did not include such a request. However, she did not file an amended petition, but instead an "amendment to original small claims petition," which is the equivalent to a supplementation. *See* TEX. R. CIV. P. 69

("Supplemental Petition or Answer"). It is the fair substance of a pleading—and not its denomination that governs its effect, and we conclude the fair substance of the pleading here was to supplement Compton's petition. *See* TEX. R. CIV. P. 71; 2 MCDONALD'S TEXAS CIVIL PRACTICE § 10:4 (1992). In her supplemental petition, Compton claimed damages "excluding (Attorney Fees if needed)." Moreover, the parties fully litigated the issue to the bench below.

Because Compton did not specify a legal basis for fee recovery, she may recover her fees on any available legal basis. *See Granbury Hosp., Inc. v. State*, No. 05-16-01509-CV, 2018 WL 3968498, at \*7 (Tex. App.—Dallas Aug. 20, 2018, pet. denied) (mem. op.) (citing *Smith v. Deneve*, 285 S.W.3d 904, 916–17 (Tex. App.—Dallas 2009, no pet.)). Under section 38.001 of the civil practice and remedies code, Compton was permitted to recover reasonable attorney's fees from Graham. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(b)(1) (allowing for recovery of attorney's fees for claims for rendered services). Accordingly, we overrule Graham's second issue.

## III. *Graham Waived Complaint Regarding Failure to Grant Summary Judgment*

In his third issue, Graham argues this Court should order the trial court to grant his first motion for summary judgment, urging mandamus is appropriate when the trial court refuses to rule on a timely submitted motion for summary judgment. The record reflects Graham filed his motion for summary judgment and that the trial court conducted a hearing on the motion, but there is no record of that hearing here.

*See* TEX. R. APP. P. 34.6(a)(4) (appellate courts presume partial reporter's record designated by parties constitutes entire record). Similarly, there is no record of Graham's request for the trial court to rule on his motion for summary judgment.

Generally, a party is not entitled to mandamus relief without a predicate request to the trial judge and a denial of that request. *See In re Greyhound Lines, Inc.*, No. 05-14-01164-CV, 2014 WL 5474787, at *3 (Tex. App.—Dallas Oct. 29, 2014, orig. proceeding) (mem. op.) (citing *In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding); *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 556 (Tex.1990) (orig. proceeding)). Absent a showing that the issue was presented to the trial court, it is not preserved for our review. *See id.*; *see also* TEX. R. APP. P. 33.1(a)(2) (requiring ruling on motion to preserve complaint for appellate review). Accordingly, we overrule Graham's third issue.

### CONCLUSION

We affirm.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

201013F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHRISTOPHER GRAHAM,
Appellant

No. 05-20-01013-CV        V.

DARLA COMPTON, Appellee

On Appeal from the County Court at Law No. 3, Dallas County, Texas
Trial Court Cause No. CC-19-05792-C.
Opinion delivered by Justice Schenck. Justices Molberg and Pedersen, III participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee DARLA COMPTON recover her costs of this appeal from appellant CHRISTOPHER GRAHAM.

Judgment entered this 10th day of May 2022.